# COUNTY OF WASHINGTON,

#### AT THE

## AUGUST TERM, 1869.

PRESENT :

Hon. JAMES BARRETT,
Hon. WILLIAM C. WILSON, } ASSISTANT JUDGES.
Hon. JOHN PROUT,
Hon. BENJAMIN H. STEELE,

---

LOREN D. WATTS *v.* TOWN OF WATERBURY, AND LOREN D. WATTS
AND WIFE *v.* SAME.

*Evidence.   Highways.*

In a suit for injury on a highway the physician who attended the plaintiff for the
injury being a witness for the plaintiff on the trial, to show what injury was sus-
tained, may properly be asked, on cross examination, if, in a conversation with
the plaintiff about the matter, he did not on one occasion tell him if he could get
$100 he had better settle it.

THIS was an action against the defendant town for an injury to
the plaintiff's wife, by reason of the insufficiency of a highway in
Waterbury, by which the plaintiff lost the services of his wife,
and incurred expense for doctoring and taking care of her, etc.
There was another action in favor of the wife of the plaintiff, in
which the plaintiff joined, for the same accident, to recover for her
personal injury.

21

The parties agreed to have both cases tried by the same jury, and at the same time, and both cases were thus tried together, but pursuant to the agreement of the parties, the verdicts were separate in each suit. The verdict was for the plaintiff in each suit.

To show the injury which the wife of said Loren D. sustained, the plaintiffs, among other witnesses, introduced Dr. Horace Fales, who was a physician and surgeon practising at Waterbury, and who was called immediately after the accident, the accident having occurred in Waterbury village just east of the railroad track, and Mrs. Watts being helped into a house close by the place of the accident, and Dr. Fales being there in a few minutes after the accident.

On cross examination of Dr. Fales the counsel for the defense proposed to ask the witness if, in conversation with Watts and his wife about the matter, he did not on one occasion tell them if they could get $100 they had better settle it. This question, being objected to, was excluded—to which the defendants excepted.

The case was tried at the September term, 1869, Peck, J., presiding.

*E. F. Palmer* and *B. F. Fifield*, for the defendants.

*Paul Dillingham*, for the plaintiffs.

The opinion of the court was delivered by

BARRETT, J. The town has been found liable for nearly $1000 in damages for the alleged injury to Mrs. Watts. Dr. Fales attended her as physician and surgeon, and, as a witness for the plaintiffs, he had testified fully and particularly as to the nature and extent of the injury she had received. His testimony was necessarily of leading importance on the question of the amount of damages that the town ought to be held to pay. As he was an important witness for the plaintiffs, it was the right of the defendants to cross examine him touching any connection he may have had with matters involved in the action, that would have a tendency to affect the credit and weight of his testimony in the minds of the jury. It seems plain that in respect to that feature of his testi-

mony which bore directly on the subject of damages, it would be entirely proper to put him to the test of a rigorous scrutiny. It is to be assumed that he was faithful and honest in his intercourse with the plaintiffs as their professional servant and friend. At any rate, it would not rest with them to suggest the contrary while they are in the act of serving themselves by using him as a witness in reference to the matters involved in the question propounded to him. It is obvious that his testimony represented an injury calling for much more than $100 as damages. If he was saying to the plaintiffs, in view of the injury as it was developed to him in his professional character and relation, what the question implied, it would require some explanation in order to prevent the inference that he had overdrawn his representation of the injury in testifying as a witness. If he had answered the question in the affirmative, and it had been left without any thing by way of explanation, we think an argument of considerable strength, and entirely legitimate, might have been made to the jury adversely to the reliableness of his representations as a witness on the stand as to the nature and extent of the injury. If in fact he did tell them as put in the question, what his explanation would have been, if any had been attempted, need not be conjectured. It is sufficient that it was the right of the defendants to have an answer, one way or the other, trusting to the requirements of the occasion as to any thing further after the answer had been given.

We think it not expedient to go beyond the very point made by the exceptions, in the present posture of the case. If, on another trial, other questions should be raised as resulting incidents from this decision, they can be better considered when it shall be known precisely what they are.

The judgment is reversed and cause remanded.